IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID RAY EVANS                                                                      PLAINTIFF
ADC #109126

V.                                      NO.  1:07CV00036 SWW

JOHN MAPLES, JR., et al                                                          DEFENDANTS

## ORDER

On July 23, 2007, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

**I.  Sua Sponte Dismissal**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Id. § 1915(g).

Section 1915(g) has been held constitutional by Higgins v. Carpenter, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had three prior complaints dismissed as either frivolous or for failure to state a claim upon which relief may be granted.  Of the eighteen lawsuits Plaintiff has filed since November 1997, four have been dismissed for failure to state a claim upon which relief may be granted,[1] one has been dismissed for failure to prosecute and failure to comply with the Court's orders, thus making that filing frivolous,[2] and eight have been dismissed based on Plaintiff's prior three strike history.[3]

---

[1] See Evans v. Arkansas Supreme Court, 4:98CV00074 (dismissed February 24, 1998); Evans v. State of Arkansas, 4:97CV00945 (dismissed March 25, 1998); Evans v. Miller, 1:98CV00008 (dismissed August 5, 1998); and Evans v. Carroll, 5:99CV00259 (dismissed October 26, 1999).

[2] See Evans v.Huckabee, 4:99CV00580 (dismissed May 3, 2000) (failure to comply with the Court's order to amend his complaint).

[3] See Evans v. United States Court, 4:98CV00530 (dismissed September 2, 1998); Evans, et al. v. Norris, 5:99CV00321 (dismissed October 22, 1999); Evans v. Harris, 5:00CV00061 (dismissed March 7, 2000); Evans v. Watts, 4:00CV00134 (dismissed March 7, 2000); Evans v. Harris, 5:00CV00018 (dismissed March 10, 2000); Evans v. Huckabee, 4:00CV00140 (dismissed March 14, 2000); Evans v. Maples, 1:02CV00077 (dismissed September 18, 2002); and Evans v. Maples, 1:06CV00065 (dismissed December 11, 2006).

The Court notes that Plaintiff's appeal of Evans v. Miller (1:98CV00008), 8th Cir. Case No. 98-3610EAB, also counts as a strike. Following a careful review of the original District Court file under Eighth Circuit Rule 47B, the order and judgment of the District Court was summarily affirmed on December 21, 1998 (see docket entry #19). The three-strike provision, § 1915(g), expressly refers to appeals,[4] and the dismissal of an appeal for failure to state a claim counts as a strike. See Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997); see also Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 781 (10th Cir. 1999); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Further, a prisoner can accrue two strikes from one case; one from the district court's dismissal and one from the appellate court's dismissal. Higgins, 258 F.3d at 801 (counting two district court dismissals and two summary affirmances as four strikes); Jennings, 175 F.3d at 780-81; Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997); Adepegba, 103 F.3d at 388.

Nevertheless, the plain affirmance of a district court's dismissal of a complaint does not automatically make an appeal frivolous. Higgins, 258 F.3d at 801; Henderson, 129 F.3d at 485 n.4. Eighth Circuit Rule 47A states that the Court of Appeals will dismiss an appeal if it is not within the Court's jurisdiction or is frivolous and entirely without merit. It further states that the Court of Appeals may affirm when the questions presented do not require further consideration. Eighth Circuit Rule 47B states that a judgment or order appealed may be affirmed or enforced without opinion if the court determines an opinion would have no precedential value and a judgment of the district court is based on findings of fact that are not clearly erroneous. Under § 1915(g), an appeal will count as a "strike"

---

[4] The section states in relevant part ". . . brought an action or appeal which was dismissed. . . " Id. (emphasis added).

only when it is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

In Evans v. Miller, the Eighth Circuit's order clearly states that it is affirming the order and judgment of the District Court under Rule 47B after carefully reviewing the original file of the District Court. Plaintiff has thus amassed six strikes prior to filing this action.

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not now and was not (at the time he filed his complaint), in imminent danger of serious physical injury. Plaintiff alleges[5] that he suffered a heart attack, accompanied with difficulty breathing, and blacked out in his cell on May 8, 2007. Instead of getting the medical attention he needed, and because he was unable to walk or crawl to the door to have his hands cuffed behind his back, Plaintiff claims that he was viciously attacked and physically abused by six "ERT goons." Plaintiff had undergone open heart surgery in January 2006, and according to his cardiovascular surgeon, it takes approximately twenty-six to thirty months for the chest cavity and sternum to heal. Plaintiff alleges that the attack he sustained on May 8, 2007, "could have very easily left [him] seriously injured or even crippled or even paralyzed or could have even left [him] dead." Apparently, it did none of these things. The evidence attached to Plaintiff's complaint indicates that he reported to the infirmary on May 2, 2007, with chest pains and difficulty breathing, he claimed, that was brought on and escalated by "hot heads on #14 barracks slamming the lids on their locker boxes." Plaintiff grieved that his doctor wanted him moved to housing unit 4 but classification had refused to cooperate. Plaintiff further grieved that

---

[5] Based on a review of the case file, it appears that this is Plaintiff's own diagnosis.

after the attack he sustained on May 8, 2007, which he claimed could have killed him, he was no longer safe at the Grimes Unit.[6]  As relief, he requests monetary damages and criminal prosecution of the Defendants, not medical treatment.  In sum, Plaintiff sought a housing transfer and now brings a claim for the past use of excessive force at another ADC unit.

### III.  Conclusion

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT.  Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 3rd day of August, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff is now incarcerated at the East Arkansas Regional Unit.